# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DURWYN TALLEY** (#B-52081), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 5323 |
| **CLERK OF THE U.S. COURT OF APPEALS, 7TH CIRCUIT**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Durwyn Talley ("Talley") has filed a self-prepared 42 U.S.C. § 1983 ("Section 1983") Complaint, adapting a form made available by the United States District Court for the Central District of Illinois, provided principally (though not exclusively) for use by pro se prisoner plaintiffs. Talley claims that the Clerk of the United States Court of Appeals for the Seventh Circuit has conspired with correctional officials and health care providers at multiple facilities (1) to retaliate against Talley (presumably for his many lawsuits and appeals), (2) to interfere with his access to the courts by denying his motions for attorney representation and to appeal in forma pauperis ("IFP") and (3) to withhold needed medical care for Talley's myriad medical complaints, which include gastrointestinal issues, high blood pressure and hypothyroidism.

Talley has also accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Because Talley's Complaint clearly does not survive the initial screening called for by 28 U.S.C. § 1915A(a),[1] both the Complaint and this action are summarily

---

[1] All further references to Title 28 provisions will take the form "Section --," omitting the prefatory "28 U.S.C. §"

dismissed at the outset, while both the Motion and the Application go by the boards as well -- but as to the Application, dismissal of the action does not excuse Talley's noncompliance with the requirements of Section 1915, the subject to which this opinion turns in the first instance.

By his tender of the current filings Talley has "irrevocably incur[rred] an obligation to pay the fee" notwithstanding dismissal (Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997), later rev'd on other grounds). Section 1915(a)(2) requires a prisoner plaintiff such as Talley to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period preceding the filing of the complaint." Although Talley surely knows better (he has filed at least 16 federal lawsuits to date, in addition to lodging a number of appeals), the trust fund account statement that he has provided from Menard Correctional Center ("Menard," where he is currently incarcerated) covers only a two-month time frame from February 14, 2015 through April 17, 2015.

To further complicate matters, Talley has not provided the information necessary to determine the date on which he "filed" this lawsuit (a legal concept, as explained later in this paragraph). There is a file stamp on the Complaint reflecting that Talley originally submitted his initiating documents to the Court of Appeals, which returned them to him unfiled. Only then did Talley resubmit them to the Clerk of the District Court, as he should have in the first instance. So Talley must advise this Court as to the date on which he deposited his initiating documents with prison officials so that the Court can determine the "filing" date under the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988) (accord, Taylor v. Brown, 2014 WL 9865341 (7th Cir. June 2, 2015) ("a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded [for e-filing]"). Hence Talley is ordered to file

on or before July 20, 2015 both (1) a statement as to the date of "filing" of the Complaint and its related documents under the "mailbox rule" -- that is, the date on which he himself mailed the Complaint to this District Court or turned it over to Menard personnel for such mailing -- and (2) a printout showing all transactions in his trust fund account from November 1, 2014 (to be safe) to that "filing" date.

That said, the merits of (or more precisely, the lack of merit in) Talley's substantive claims pose no problem at all. This Court need say little more than that Talley's claims are clearly frivolous, both legally and factually, as those concepts are explained in the seminal opinions in Neitzke v. Williams, 490 U.S. 319, 325 (1989) and Denton v. Hernandez, 504 U.S. 25, 32 (1992) (see also, e.g., Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007) and cases cited there).

As for factual frivolousness, this Court of course recognizes the note of caution sounded in Justice O'Connor's reference in Denton, 504 U.S. at 32-33 to Lord Byron's classic aphorism in his Don Juan, canto XIV, stanza 101:

> As we stated in Neitzke, a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," id., at 325, 109 S.Ct., at 1831, "fantastic," id., at 328, 109 S.Ct., at 1833, and "delusional," ibid. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."

Here, though, no conceivable truth is stranger than the obvious fiction that Talley has authored.

Finally, it is exceedingly plain that the Complaint could not be saved by amendment. Accordingly both the Complaint and this action are dismissed on preliminary review pursuant to Section 1915A(a). Because this dismissal counts as one of Talley's three allotted dismissals under Section 1915(g),[2] he has now "struck out" under Section 1915(g), so that he no longer qualifies for IFP treatment except under the very limited circumstances specified there.

## Conclusion

For the reasons stated here this Court summarily dismisses, with prejudice, both the Complaint and this action on preliminary review pursuant to Section 1915A(a). Talley's motion for leave to proceed IFP [Dkt. 3] is denied, and he is ordered to file on or before July 20, 2015 (1) a renewed Application that also identifies the date of "filing" of this action coupled with (2) the earlier-referred-to trust fund account statement. Lastly, Talley's Motion [Dkt. 4] is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 19, 2015

---

[2] Before this dismissal Talley accumulated "strikes" in Talley v. Gongocky, 13 C 1112 (C.D. Ill.) (see order of November 8, 2013) and Talley v. Reardon, 14 C 2251 (C.D. Ill.) (see order of February 2, 2015).