## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DURWYN TALLEY (#B-52081), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 5323 |
| | ) |
| CLERK OF THE U.S. COURT OF APPEALS, | ) |
| 7TH CIRCUIT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Court's threshold screening, pursuant to 28 U.S.C. § 1915A(a),[1] of the hand-printed 42 U.S.C. § 1983 ("Section 1983") Complaint brought by Durwyn Talley ("Talley")[2] against a host of defendants triggered the issuance of a June 19, 2015 memorandum opinion and order ("Opinion") that dismissed any putative federal claim with prejudice. That decision was based on a holding that Talley's claim to have been the victim of a wide-ranging and ongoing conspiracy among the many defendants was so fanciful that it called for dismissal at the outset.

Now Talley has returned to the fray with a Motion To Vacate Judgment and Amend Pleadings, urging once again that the Clerk of the Court of Appeals for the Seventh Circuit "had conspired with prison staff and officials at several prisons to intercept and deny plaintiff's motions without court action." That claimed interception involved "at least 5 of his motions for

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Although Talley's Complaint also referred to "other state law claims as well," any failure of his Section 1983 claims carries with it the dismissal (albeit without prejudice) of any such state law claims on subject matter jurisdictional grounds.

appointment of counsel and denied them without court action," as well as the Clerk's having assertedly "intercepted a mandamus plaintiff attempted to file against it and denied it without court action." As Talley would have it, he is entitled as a matter of constitutional right (1) to file whatever he wishes to submit to the federal courts and (2) always to have counsel appointed to assist him in those efforts.

That of course misstates the nature of the constitutional entitlement (or lack of it) of prospective plaintiffs in the federal court system. At the same time, and because the dismissal of this action constitutes the third "strike" against Talley under Section 1915(g), this Court invites the United States Attorney's Office (or whatever other counsel the defendant Clerk of Court may choose to represent him) to respond with an explanation of the conduct complained of by Talley.[3] Because this Court has no sense of the time required to assemble the information and provide an appropriate response in that respect, no specific filing date is being designated at this time.

Meanwhile Talley has continued his failure to comply with the requirements of Section 1915 that are essential to this Court's determination of his obligation to pay the $505 in filing and appellate fees for instituting this action. In that regard he has identified June 3, 2015 as the "filing" date of his action in this District Court under the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)), but the accompanying printout showing transactions in his trust fund account cover a period that began on February 14, 2015 rather than December 3, 2014 (the commencement date of the 6-month period specified in Section 1915(a)(2)). Talley's In Forma

---

[3] If and to the extent that Talley has misstated or distorted the purported facts on which he predicates his submission, an appropriate explanation would be welcomed by this Court.

Pauperis Application asks this Court to order the missing information even though it is his responsibility to do so -- but rather than standing on ceremony, this Court is transmitting a copy of this memorandum opinion and order to the trust fund officer at Menard Correctional Center with a request that the printout for the missing time frame be transmitted to:

>	Clerk of Court
>	Office of the Clerk
>	United States District Court
>	219 South Dearborn Street
>	Chicago IL 60604.

That transmittal should be identified as relating to Case No. 15 C 5323.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 28, 2015