IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DURWYN TALLEY (#B-52081), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5323 |
| | ) | |
| CLERK OF THE U.S. COURT OF APPEALS, | ) | |
| 7TH CIRCUIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Durwyn Talley ("Talley"), an Illinois state prisoner, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Talley claims that the Clerk of the U.S. Court of Appeals for the Seventh Circuit has conspired with correctional officials and health care providers at multiple facilities (1) to retaliate against Talley (presumably for his many lawsuits and appeals), (2) to interfere with his access to the courts by denying his motions for attorney representation and to appeal in forma pauperis and (3) to withhold needed medical care for his myriad medical complaints, which include gastro-intestinal issues, high blood pressure and hypothyroidism.

This Court's June 19, 2015 memorandum opinion and order ("Opinion I") summarily dismissed Talley's claims on preliminary review pursuant to 28 U.S.C. § 1915A ("Section 1915A").[1] In addition Opinion I directed Talley to file a properly certified and completed

---
[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

application for leave to proceed in forma pauperis.  Although Talley complied with that directive in part, he coupled it with a Motion To Vacate Judgment and Amend Pleadings ("Motion," Dkt. No.8), essentially reiterating the same grounds.  In response this Court issued a second memorandum opinion and order ("Opinion II") on July 28 "invit[ing] the United States Attorney's Office (or whatever counsel the defendant Clerk of Court may choose to represent him" to respond, at the same time addressing Talley's continued noncompliance with the requirements of Section 1915.

This Court has just received that requested response from the United States Attorney's Office, and it will be dealt with later in this opinion.  But in the meantime the fiscal authorities at Menard Correctional Center ("Menard," where Talley is in custody) have responded with the information as to his trust fund account there that had also been requested at the end of Opinion II.  That information has enabled this Court to make the determination called for by Section 1915(b)(1), and it finds that:

1. the average monthly balance in Talley's account for the six-month period immediately preceding the "mailbox rule" filing date of his Complaint (see Section 1915(b)(1)(B)) exceeds the average monthly deposits to his account for that same period (see Section 1915(b)(1)(A)) and

2. said average monthly balance amounted to $81.01, 20% of which (see Section 1915(b)(1)) is $16.20.

Accordingly Talley is assessed that initial partial filing fee of $16.20, plus 20% of any deposits that have been made into Talley's trust fund account since June 3, 2015, and the Menard trust fund officer is ordered to collect that amount from that account and to pay it directly to the

Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

But because Talley has managed to strip the balance in his account to just $.02 as of July 31, 2015 despite the frequency of $50 deposits into that account from some family member (someone having the same "Talley" surname), this opinion will address the subject of payments from the account after turning to the merits of (more accurately, to the lack of merit in) Talley's current Motion. On that score the United States Attorney's Office has just filed a response (Dkt. No. 13) as invited in Opinion II.

There is really no need to repeat that response's detailed and irrefutable explanation, both factual and legal, of the reasons for rejecting the Motion. Suffice it say that the explanation provided in that response confirms -- in spades -- that this Court had it exactly right when it made this ruling in Opinion I, based on the initial screening called for by Section 1915A(a):

> That said, the merits of (or more precisely, the lack of merit in) Talley's substantive claims pose no problem at all. This Court need say little more than that Talley's claims are clearly frivolous, both legally and factually, as those concepts are explained in the seminal opinions in <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992) (see also, e.g., <u>Edwards v. Snyder</u>, 478 F.3d 827, 829 (7th Cir. 2007) and cases cited there).

Accordingly Talley's Motion is indeed denied. But that does not deal fully with his ongoing abuse of the judicial system. It is not simply a matter, as the United States Attorney's response has reported, of his "having filed eight appeals to the Seventh Circuit in the last four years." Nor is it simply, as that response went on to explain, that his "six motions for appointment of counsel (in four different appeals: Nos. 13-3642, 15-1525, 15-1861, and

15-2171) and his one motion for leave to file a mandamus petition (in No. 15-1525) were filed while his appeals were in stasis pending resolution of his fee status, [so that] those motions were of course properly 'denied without further court action,' as the preceding PLRA order in each appeal indicated they would be." Nor, to shift to another facet of the manner in which Talley has gamed the legal system, is it simply that the trust fund account printout from Menard shows that he has paid just $61.95 in court-ordered fees attributable to his many prior legal actions while he has reduced the balance in that account (which, it will be recalled, had an average monthly balance in excess of $80 during the six-month period made relevant by Section 1915) to just $.02 as of July 31, thus disabling any further collection efforts at this time.

In light of all of those things, plainly something more is needed to curb any further gaming of the system through Talley's resourceful efforts. In that respect it is not enough that the dismissal of this action is the third "strike" under Section 1915(g), for that operates solely to deal with any future litigative efforts by Talley. There still remains a need to provide effective enforcement as to his existing obligations, and that subject will be addressed in the <u>Conclusion</u> section that follows.

## Conclusion

For the reasons stated in this memorandum opinion and order, Talley's Motion (Dkt. No. 8) is denied, as is his renewed In Forma Pauperis Application (Dkt. No. 10), and this action remains dismissed with prejudice. In addition, the authorities at Menard (or at any other correctional facility where Talley may hereafter be confined) are ordered to remit to this District Court's Clerk's Office at the earlier-identified address an amount equal to one-half of all deposits made to Talley's trust fund account during each month. Those remittances are to be applied first toward Talley's monthly obligation to pay fees in connection with any litigation that preceded

this action, with the excess over that amount to be applied each month toward his $350 filing fee obligation attributable to this action,[2] until that latter amount is fully paid.

                                     _____
                                     Milton I. Shadur
                                     Senior United States District Judge

Date: August 13, 2015

---

[2] Although Opinion II had referred to a different figure, that was attributable to the mistaken belief that Talley's targeting of the Clerk of the Court of Appeals as a defendant might necessitate his turning to that court for relief. Because this action has been lodged solely in this District Court, the figure stated in the text is the correct one.